IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 05-00787 BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANTS' MOTION FOR |
| vs. | ) | SUMMARY JUDGMENT ON |
| | ) | INDUCEMENT |
| RICHARD FRIEND, and | ) | |
| SEAFRIEND | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ON INDUCEMENT

Now before the Court is a motion filed by Defendants Richard Friend ("Friend") and Seafriend (collectively, "Defendants") for partial summary judgment on the claim of Plaintiff William R. Kowalski ("Kowalski") that Defendants are liable for inducing infringement of his patent under 35 U.S.C. § 271(b). After careful consideration of the motion, the supporting and opposing memoranda, and the arguments of counsel, Defendants' motion is hereby DENIED.

SUMMARY JUDGMENT STANDARD

Motions for summary judgment are only granted when the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P.

56(c).  In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Avia Group Int'l v. L.A. Gear California Inc., 853 F. 2d 1557, 1560 (Fed Cir. 1988).

The court's function in deciding a motion for summary judgment is not to try issues of fact, but to determine whether there are any issues to be tried.  Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper.  Hodash v. Block Drug Co., 786 F.2d 1136, 1141 (Fed. Cir. 1986)

The movant bears the initial burden of demonstrating the absence of all genuine issues of material fact. Cooper v. Ford Motor Co., 748 F.2d 677, 679 (Fed. Cir. 1984).  Once this initial showing is made by the movant, the burden then shifts to the nonmovant to demonstrate the existence of a genuine dispute.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

## INDUCEMENT

In addition to liability for directly infringing a patent, "[w]hoever actively induces infringement of a patent shall [also] be liable as an infringer." 35 U.S.C. § 271(b).  Inducement "requires more than just intent to cause the acts

that produce direct infringement." DSU Medical Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1306 (Fed. Cir. 2006). To succeed on a claim for inducement a plaintiff must also show that the alleged infringer "knew or should have known that his actions would induce actual infringements." Id. (quoting Metro-Goldsyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913 (2005)). However, "direct evidence is not required" to prove such intent; "rather, circumstantial evidence may suffice." DSU Medical Corp., 471 F.3d at 1306 (quoting Water Technologies Corp. v. Calco, Ltd., 850 F.2d 660, 669 (Fed. Cir. 1988)).

      For example, intent to induce infringement can be properly inferred from an alleged inducer's knowledge of the patent, and knowledge of the infringing activities. See MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1379 (Fed. Cir. 2005) (reversing the district court's entry of summary judgment in favor of defendants where plaintiffs had provided evidence that (1) the defendant company had knowledge of the patent and knowledge of the potentially infringing activities, including communications between the two parties regarding manufacture and shipment of the allegedly infringing product, (2) the defendant shipped allegedly infringing product to the user/importer, and (3) the defendant provided technical product

3

support to the user/importer, including on-site visits with technical presentations about the allegedly infringing product).

## BACKGROUND

Plaintiff Kowalski is the owner of U.S. Patent 5,972,401, titled "Process for Manufacturing Tasteless Super-Purified Smoke for Treating Seafood to be Frozen and Thawed," awarded to him on October 26, 1999 (hereinafter "Kowalski Patent").  On December 19, 2005,  he filed a patent infringement action against Defendants Friend and Seafriend, alleging that they "infringed and are continuing to infringe the '401 Patent, directly, contributorily, and/or by inducement." (Complaint ¶ 11.)  Certain claims of the Kowalski Patent were construed by the Court following a <u>Markman</u> hearing that was held on August 31, 2007.

## DISCUSSION

Defendants request summary judgment in their favor on the issue of inducement liability first on the ground that Friend (and therefore, Seafriend as well) lacked the requisite intent to encourage infringement because "Friend believed the '401 Patent to be invalid and unenforceable." (Mem. Supp. 11.)  As Kowalski points out, however, "subjective knowledge of infringement is not required" to prove inducement.  (Mem. Opp. 12 (emphasis removed).)  To avoid

summary judgment, Kowalski need only produce circumstantial evidence from which a reasonable jury could infer that Friend knew or should have know that his statements or actions would lead to infringement of the Kowalski Patent.

To meet this burden, Kowalski produces Friend's deposition testimony, in which Friend acknowledged that he knew of the Kowalski Patent in early 2000 (Mem. Opp. 13), that he knew of the production processes used by Pescarich Manufacturing, for whom he worked (Mem. Opp. 14-15), and that he encouraged such other companies to use Pescarich's process for treating fish (Mem. Opp. 18.) Based on this evidence, a reasonable jury could infer that if the Pescarich process infringed the Kowalski Patent, Friend had the requisite knowledge and intent to induce infringement under the standards set forth in <u>MEMC Electronic Materials, Inc.</u> and <u>DSU Medical Corp.</u>

Apart from the issues of knowledge and intent, Defendants also contend that "[n]o evidence suggests that anyone directly infringed the '401 Patent as a result of Friend's actions." (Mem. Supp. 10.) In response, Kowalski produces testimony by Friend that he told "members of the Philippine tuna industry," including Mommy Gina Tuna Resources, that the Kowalski Patent was invalid. (Mem. Opp. 9.) In addition, Kowalski produces an email demonstrating that Mr. Friend assisted at least one of Lu's companies, King Tuna, in selling their product.

This evidence, combined with the evidence presented in the other summary judgment motions currently pending in this case, demonstrates a genuine issue of material fact as to whether any direct infringement of the Kowalski patent actually occurred, and whether that infringement can be linked to the words and actions of Friend and Seafriend.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment on Kowalski's inducement claims is hereby DENIED.

DATED: Honolulu, Hawaii, August 27, 2008.

IT IS SO ORDERED.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kowalski v. Friend; Civ. No. 07-00787 BMK; ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON INDUCEMENT.