IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | Civ. No. 05-00679 BMK |
| | ) | Civ. No. 06-00182 BMK |
| Plaintiff, | ) | Civ. No. 05-00787 BMK |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANTS' MOTION FOR |
| MOMMY GINA TUNA | ) | PARTIAL SUMMARY |
| RESOURCES, *et al.*, | ) | JUDGMENT ON INVALIDITY |
| | ) | FOR INDEFINITENESS AND |
| | ) | GRANTING PLAINTIFF'S |
| Defendants . | ) | MOTION FOR PARTIAL |
| _____ | ) | SUMMARY JUDGMENT ON |
| | ) | DEFENDANTS' |
| WILLIAM R. KOWALSKI, | ) | INDEFINITENESS DEFENSE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITRA MINA SEAFOOD | ) | |
| CORPORATION | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM R. KOWALSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD FRIEND , and | ) | |
| SEAFRIEND | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INVALIDITY FOR INDEFINITENESS AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' INDEFINITENESS DEFENSE

Plaintiff and Defendants have moved for summary judgment on Defendants' indefiniteness defense.  These motions were heard on August 19, 2008.  After careful consideration of the motions, the supporting and opposing memoranda, and the arguments of counsel, Defendants' motion is hereby DENIED, and Plaintiff's motion is hereby GRANTED.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment are only granted when the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Avia Group Int'l v. L.A. Gear California Inc., 853 F. 2d 1557, 1560 (Fed Cir. 1988).

The court's function in deciding a motion for summary judgment is not to try issues of fact, but to determine whether there are any issues to be tried.  Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a

material issue of fact, summary judgment is improper. Hodash v. Block Drug Co., 786 F.2d 1136, 1141 (Fed. Cir. 1986)

The movant bears the initial burden of demonstrating the absence of all genuine issues of material fact. Cooper v. Ford Motor Co., 748 F.2d 677, 679 (Fed. Cir. 1984). Once this initial showing is made by the movant, the burden then shifts to the nonmovant to demonstrate the existence of a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

An accused infringer in a patent case may obtain summary judgment by either: (1) "providing evidence that would preclude a finding of infringement or (2) "by showing that the evidence on file nails to establish a material issue of facts essential to the patentee's case." Novartis Corp. V. Ben Venue Laboratories, Inc., 271 F.3d 1043, 1046 (Fed. Cir. 2001).

## INDEFINITENESS

A patent must include "one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112. When claims fail to meet this requirement, they are deemed "indefinite," and may be found invalid. Datamize, LLC v. Plumtree

Software, Inc., 417 F.3d 1342, 1347-48 (Fed. Cir. 2005).  Determining indefiniteness is a matter of law.  Id.

Claims are indefinite where they are "'not amenable to construction' or 'insolubly ambiguous.'"  Id.; see also Amgen, Inc. v. Chugai Pharmaceutical Co., 927 F.2d 1200, 1218 (Fed. Cir. 1991) (stating that "when the meaning of claims is in doubt, especially when, as is the case here, there is close prior art, they are properly declared invalid").  Deciding whether a claim is invalid for indefiniteness "requires a determination [of] whether those skilled in the art would understand what is claimed."  Amgen, Inc., 927 F.2d at 1218; see also  SmithKline Beecham Corp. v. Apotex Corp., 403 F.3d 1331, 1340 (Fed. Cir. 2005).

Whether claims are sufficiently particular and definite must be analyzed "not in a vacuum, but always in light of the teachings of the prior art and of the particular application disclosure as it would be interpreted by one possessing the ordinary level of skill in the pertinent art."  In re Moore, 439 F.2d 1232, 1235 (Fed. Cir. 1971).  "The law imposes no obligation on a patent applicant . . . to set the claim limits at the precise technological edge of the invention."  Andrew Corp. v. Gabriel Electronics, Inc., 847 F.2d 819, 823 (Fed. Cir. 1988) (holding that a claim was sufficiently definite even though it did not specify the "exact point at which a change in the physical phenomenon occurs").

## DISCUSSION

Plaintiff Kowalski is the owner of U.S. Patent 5,972,401, titled "Process for Manufacturing Tasteless Super-Purified Smoke for Treating Seafood to be Frozen and Thawed," awarded to him on October 26, 1999 (hereinafter "the Kowalski Patent"), and has filed patent infringement actions against Defendants. On August 31, 2007, the Court held a <u>Markman</u> hearing to construe Claims 1 and 67 of the Kowalski Patent. Claim 1 of the Kowalski Patent claims:

> 1.  A process for treating meat comprising:
> heating organic material to generate smoke having a gaseous vapor phase;
> super purifying said smoke to reduce taste imparting components below thresholds for imparting smoke odor and taste, whereby a substantially tasteless super-purified smoke is created; and
> treating meat having a freezing point with said tasteless super-purified smoke.

(Kowalski Patent, Col. 22 -23, at 65.) Claim 67 of the Kowalski Patent claims:

> 67.  A process for treating food comprising:
> heating organic material to generate smoke;
> filtering components that impart smoke flavor from said Smoke to below limits for imparting smoke flavoring to food; and
> exposing said filtered smoke to food without imparting a smoke flavor to said food.

(Kowalski Patent, Col. 28, at 11-18.)

Defendants have now moved for summary judgment against Kowalski on the ground that the Kowalski patent is invalid for indefiniteness. Specifically,

5

Defendants contend that the term "heating" in Claims 1 and 67 is indefinite because it does not specify a discrete temperature range. At the same time, Kowalski has moved for summary judgment against Defendants on their indefiniteness defense with respect to not only the term "heating," but also the term "limits for imparting smoke flavoring" of Claim 67, and the terms "thresholds for imparting smoke odor and taste," "super-purified," "super purified smoke," and "substantially tasteless" of Claim 1.

I. "Heating"

Defendants claim that the term "heating" fails to meet the definiteness requirement of § 112 because the term is not limited to any specific temperature range. Defendants recognize that the Court successfully construed the term "heating" following the Markman hearing, and so do not dispute that the term "heating" is neither "insolubly ambiguous" nor "incapable of construction," Datamize, LLC, 417 F.3d at 1347. (Defs.' Reply 5.) However, Defendants nonetheless contend that the term "heating" is indefinite because it does not allow one skilled in the art to know precisely what temperature of "heating" might constitute infringement. (Defs. Mem. Supp. 16.)

The Court finds Defendants' arguments to be without merit. First, the term "heating" need not be numerically bounded to advise persons of ordinary skill

6

in the art what constitutes infringement. A person of ordinary skill in the art would recognize that a process infringes on the Kowalski patent if heat, at any temperature, is applied in combination with the various other steps listed in the patent's claims. Defendants rely on <u>Amgen</u>, which found the term "about 160,000" to be indefinite because a person skilled in the art would not "know what specific activity levels below 160,000, if any, might constitute infringement," 927 F.2d 1217. In <u>Amgen</u>, however, as Kowalski points out, the 160,000 number "was critical to the novelty of the invention," (Pl.'s Opp. 10). Defendants have not shown that to be the case here.

      More importantly, the term "heating" has well-defined boundaries that the term "about 160,000" does not. A person reading the patent at issue in <u>Amgen</u> would not know whether 159,000, or 150,000, or any other specific number infringed on the claim term of "about 160,000." The term "heating," on the other hand, is not susceptible to that same type of uncertainty: causing the temperature to increase is within the claim; causing the temperature to decrease or remain the same is not. A person of ordinary skill in the art would have no difficulty in determining what is meant by "heating."

      Defendants related argument is that "heating" must be indefinite because it fails to distinguish itself from close prior art that *does* have distinct

7

temperature ranges. (Defs. Mem. Supp. 16.) This argument appears to be based on a misreading of Amgen. Defendants claim that Amgen holds that "[i]f the bounds of a patent's claims are unclear and there is close prior art, then the claims are indefinite." (Defs. Mem. Supp. 13.) What Amgen actually says, however, is that "*when the meaning of claims is in doubt*, especially when, as is the case here, there is close prior art, they are properly declared invalid." 917 F.2d at 1217 (emphasis added). As the Court has already demonstrated, there is no doubt about the meaning of the term "heating." It is definite, and it fairly apprises persons of ordinary skill in the arts of what they need not do in order to avoid infringement. That this one term may not substantially distinguish itself from close prior art is of no import under these circumstances. Accordingly, Defendants' motion for partial summary judgment on indefiniteness is hereby DENIED, and Kowalski's motion for partial summary judgment on Defendants' indefiniteness defense is hereby GRANTED with respect to the term "heating."

II. "Limits for Imparting Smoke Flavoring" and "Thresholds for Imparting Smoke Odor and Taste"

In addition to seeking partial summary judgment on Defendants' indefiniteness defense for the term "heating," Kowalski also seeks partial summary judgment for the terms "limits for imparting smoke flavoring" of Claim 67 and "thresholds for imparting smoke odor and taste" of Claim 1. Kowalski contends

that these terms were successfully construed by the Court , and are therefore neither "insolubly ambiguous" nor "not amenable to construction," <u>Datamize, LLC</u>, 417 F.3d at 1347.  Kowalski further argues that "someone skilled in the art of smoke generation, filtering/processing, and use for treating food . . . should be able to understand the bounds" of this term.  (Pl.'s Mem. Supp. Mot. 15.)

In response, Defendants argue that "'limits for imparting smoke flavoring' expresses a subjective standard that fails to comply with the duty of specificity and is indefinite in failing to find support in the specification."  (Defs.' Mem. Opp. 15.)  Defendants point out that although the specifications disclose certain "operable" particulate thresholds for taste and odor recognition, the claims do not provide similar definition or delimitation.

Just as the Court determined with "heating," however, a claim need not include numbers to be definite.  Here, the Court was able to successfully construe both of these terms following the <u>Markman</u> hearing.  A person of ordinary skill in the art would be able to determine, by applying the smoke to fish, at what point the smoke has been sufficiently filtered so that it no longer imparts smoke odor or smoke taste to the fish.  To be sure, different individuals who taste the fish might have slightly different perceptions of when that threshold or limit has been reached.  But the criterion of tastelessness, unlike the criterion of "aesthetically

pleasing" that was at issue in <u>Datamize, LLC</u>, is an objective one, not a subjective one. There is no uncertainty among people of ordinary skill in the art about what it means for something to be tasteless, even if individuals' personal measuring sticks for tastelessness vary slightly. Accordingly, Kowalski's request for partial summary judgment on Defendants' invalidity defense with respect to the terms "limits for imparting smoke flavoring" of Claim 67 and "thresholds for imparting smoke odor and taste" of Claim 1 is hereby GRANTED.

III. <u>"Super-Purified," "Super-Purified Smoke," and "Substantially Tasteless"</u>

Finally, Kowalski also requests summary judgment on Defendants' indefiniteness defense with respect to the terms "super-purified," "super-purified smoke," and "substantially tasteless" of Claim 1. Specifically, Kowalski contends that these terms "are merely labels for the operative step of reducing taste causing components of the smoke sufficiently so that the smoke does not leave food with a smoke taste." (Pl.'s Mem. Supp. 16.)

Defendants agree with Kowalski that these terms are labels for an operative step, but contend that "as a matter of law claim 1 goes beyond the definitions of the specifications and the arguments of the Plaintiff and thus is indefinite." (Defs.' Mem. Opp. 17.) Defendants point out that subsequent dependent claims that add the limitation of carrying out the "super-purifying" step

by "reducing phenols in said smoke to concentrations below recognition thresholds for imparting smoke odor to said meat." (Defs.' Mem. Opp. 18 (quoting Claim 13 of Kowalski Patent).) According to general principles of claim construction, the independent Claim 1 must be broader than the dependent Claim 13. Thus, argue Defendants, if Claim 13 claims superpurification through phenolic particle reduction, Claim 1 must claim something less than that, and because that something of Claim 1 is undefined, it is indefinite.

Defendants' attempt to preserve their invalidity defense, while creative, ultimately fails. It is true that the limitations of a narrow claim cannot be read into a broader claim to avoid infringement or invalidity. However, this does not mean that an independent claim must necessarily be broader than the claims dependent on it. This Court has ruled that 'superpurified' is a term used by Kowalski, within his purview as lexicographer of his own patent, to describe a step in the patented process. As such it is not ambiguous nor incapable of definition. Kowalski's request for partial summary judgment on Defendants' invalidity defense with respect to Claim 1's terms "super-purified," "super-purified smoke," and "substantially tasteless" is hereby GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment for invalidity on the basis of indefiniteness is hereby DENIED, and Kowalski's motion for partial summary judgment on Defendants' invalidity defense, with respect to the term "heating," of Claims 1 and 67, the term "limits for imparting smoke flavoring" of Claim 67, and the terms "thresholds for imparting smoke odor and taste," "super-purified," "super purified smoke," and "substantially tasteless" of Claim 1 is hereby GRANTED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 2, 2008.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 2, 2008

Kowalski v. Mommy Gina Tuna Resources, Civ. No. 05-00679 BMK; Kowalski v. Citra Mina Seafood Corp, Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787 BMK; ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INVALIDITY FOR INDEFINITENESS AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' INDEFINITENESS DEFENSE.