IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI, | ) | CIV. NO. 05-00679-BMK |
| | ) | CIV. NO. 05-00787-BMK |
| Plaintiff, | ) | CIV. NO. 06-00182-BMK |
| | ) | |
| vs. | ) | |
| | ) | ORDER RE MOTION FOR |
| MOMMY GINA TUNA | ) | SUMMARY JUDGMENT ON |
| RESOURCES, et al. | ) | INFRINGEMENT |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INTEGRAL SEAFOOD LLC et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD FRIEND et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER RE MOTION FOR SUMMARY JUDGMENT ON INFRINGEMENT

In response to Plaintiff's Motion for Summary Judgment on Infringement, Defendants do not dispute several of the key factual issues.  Defendants acknowledge that they "are in the business of processing fish with filtered smoke to preserve the taste and color."(Def. Opp. 7).  Defendants agree that this process involves "heat[ing] organic material to produce smoke" after which the "resulting filtered smoke is applied to tuna before the tuna is frozen for shipment." (Def. Opp. 6, 8).  This process would appear to be within the teachings of the Kowalski patent.

Defendants oppose the motion, however, contending that the Kowalski patent claims only a process to treat fish without imparting any taste at all to the fish.  Defendants say that their process is outside the scope of the Kowalski patent because their process alters the taste of the treated fish in a discernable way.

In order to resolve the motion, the court must decide what taste or flavor is addressed by the Kowalski patent.  Claim 1 of the Kowalski patent teaches, in relevant part, "super purifying said smoke to reduce taste imparting components below thresholds for imparting **smoke** odor and taste, whereby a

substantially tasteless super purified smoke is created." (Kowalski Patent, Col. 23, ln. 1-4 (Emphasis added)).  Claim 67describes "filtering components that impart **smoke** flavor from said smoke to below limits for imparting **smoke** flavoring to food; and exposing said filtered smoke to food without imparting a **smoke** flavoring to said food." (Kowalski Patent, Col. 29, ln. 13-15 (Emphasis added)).

The crucial question is how to construe the meaning of the word smoke as an adjectival modifier of the words taste, flavor, and flavoring.  Defendants argue that 'smoke' in this context is used to identify the cause or source of the taste or flavor. (Def. Opp. 11 ("Such a flavor change would be the direct result of applying the smoke to the fish.")) "Even if the taste imparted is not a traditional 'smoky' taste, the smoke imparts a taste and therefore is a 'smoke taste'." (Def. Opp. 11).  Plaintiff argues that in this context the word smoke refers to the "unique and distinct flavor, taste or odor of food that people call 'smoked'." (Pl. Reply 10).  Under this construction, the Kowalski patent claims a process to produce fish that "does not have a detectable flavor, taste or odor . . . of smoked food when consumed." (Pl. Repl 10).

Defendants' Motion for a Protective Order is scheduled to be heard on September 5, 2008.  The parties are also asked to be prepared to further discuss during the September 5 hearing the issues raised by this order.

3

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, September 2, 2008.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kowalski v. Mommy Gina Tuna Resources, Civ. No. 05-00679 BMK; ORDER RE MOTION FOR SUMMARY JUDGMENT ON INFRINGEMENT