IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM R. KOWALSKI | ) | CIV. NO. 05-00679-BMK |
| | ) | CIV. NO. 05-00787-BMK |
| Plaintiff, | ) | CIV. NO. 06-00182-BMK |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING |
| MOMMY GINA TUNA | ) | DEFENDANTS' MOTION FOR |
| RESOURCES, et al. | ) | RECONSIDERATION OF ORDER |
| | ) | DENYING DEFENDANTS' |
| Defendants. | ) | MOTION FOR PARTIAL |
| _____ | ) | SUMMARY JUDGMENT ON |
| WILLIAM R. KOWALSKI | ) | PATENT INVALIDITY AND |
| | ) | DENYING PLAINTIFF'S CROSS- |
| Plaintiff, | ) | MOTION FOR PARTIAL |
| | ) | SUMMARY JUDGMENT ON |
| vs. | ) | DEFENDANTS' WRITTEN |
| | ) | DESCRIPTION DEFENSE |
| INTEGRAL SEAFOOD LLC et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| WILLIAM R. KOWALSKI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD FRIEND et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PATENT INVALIDITY AND DENYING PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' WRITTEN DESCRIPTION DEFENSE

Now before the Court is a motion filed by Defendants Mommy Gina Tuna Resources, King Tuna Inc., Citra Mina, Seafriend, Richard Friend, Jake Lu, Mommy Gina Tuna Resources, Inc., GJ Fresh LLC, Citra Mina Property Holdings, and Integral Seafood LLC (Collectively "Defendants") for reconsideration of this Court's August 27, 2008 Order Denying Defendants' Motion for Partial Summary Judgment on Patent Invalidity and Denying Plaintiff's Cross-Motion for Partial Summary Judgment on Defendants' Written Description Defense ("August 27 Written Description Order"). After careful consideration of the parties' submissions in favor of and in opposition to the motion, the facts of the case and the relevant legal standard, the motion is DENIED.

BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case. The Court will only address the facts and events that are relevant to the motion currently before the Court. In the August 27 Written Description Order this Court declined to find the Kowalski Patent invalid based on the patent's written description.  In reaching its conclusions as to patent validity, the Court relied on the construction of the claims of the Kowalski Patent that had

been previously undertaken.[1]  Subsequently, this Court further construed the terms of the Kowalski Patent.[2]

## LEGAL STANDARD

Local Rule 60.1 sets forth the three circumstances justifying a motion for reconsideration: "(1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice." Na Mamo O'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).  To prevail on a motion for reconsideration, movant must "induce the court to reverse its prior decision" by the introduction of " facts or law of a strongly convincing nature."  Id.

## ANALYSIS

At issue on this motion are the terms of the Kowalski Patent describing a process for heating organic material to produce smoke. This Court has construed the claims of the patent to teach no temperature limitations for this process. The written description of the patent, however, refers repeatedly to

---

[1] Claims Construction Order For The Yamaoka and Kowalski Patents, Oct. 17, 2007; Order Construing Claims 1, 33, 67, 68 and 69 Of The Kowalski Patent, Nov. 19, 2007; Order Granting Motion For Clarification And Reconsideration Of Claims Construction Order, Nov 15, 2007.

[2] Order Further Construing The Kowalski Patent, And Granting In Part And Denying In Part Plaintiff's Motion For Partial Summary Judgment On Infringement, Sept. 30, 2008.

different temperature ranges for the process.  (E.g., Kowalski Patent at Col. 11, l. 44-53).  It is a fundamental tenet of patent law that a patent is invalid if the claims exceed the written description of the invention because "claims may be no broader than the supporting disclosure." Gentry Gallery, Inc. v. Berkline Corp., 134 F.3d 1473, 1479 (Fed. Cir. 1998).  Whether a specification meets the written description requirement of U.S.C. § 112 is a question of fact.  Vas-Cath, Inc. v. Mahurkar, 935 F.2d 1555, 1563 (Fed. Cir. 1991).

   Defendants contend that the Court has committed a manifest error of law by confusing the technical feasibility of generating smoke at different temperatures with the legally defined scope of the patent.  The Court does not agree. Evidence shows that smoke can be generated at a wide range of temperatures, including those outside any of the ranges set forth in the specifications of the Kowalski Patent.  However, the Court's apprehension of the relevance of this evidence is not, as Defendants suggest, to demonstrate how the patent claims might be circumvented.  Rather, the Court found that this evidence is relevant to the trier of fact's task of interpreting the Kowalski Patent specifications.  As this Court previously ruled, the evidence "is sufficient to establish a genuine issue of material fact as to whether a person of ordinary skill in the art" would have understood the Kowalski specifications to describe "a process that included heating at any temperature." (August 27 Written Description Order 8).  Therefore, because the

Court committed no error in law or fact, Defendants' Motion for Reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration Of Order Denying Defendants' Motion For Partial Summary Judgment On Patent Invalidity And Denying Plaintiff's Cross-Motion For Partial Summary Judgment On Defendants' Written Description Defense is DENIED.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, October 16, 2008



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Kowalski v. Mommy Gina Tuna Resources, Civ. No. 05-00679 BMK; Kowalski v. Citra Mina Seafood Corp, Civ. No. 06-00182 BMK; Kowalski v. Friend; Civ. No. 05-00787 BMK; ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PATENT INVALIDITY AND DENYING PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' WRITTEN DESCRIPTION DEFENSE